[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12361
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 15, 2008
THOMAS K. KAHN
CLERK

Agency No. A98-730-999

PAOLA ANDREA LORENA MANTILLA-ORDONEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 15, 2008)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Paola Andrea Lorena Mantilla-Ordonez, a native and citizen of Colombia,

petitions for review of the Board of Immigration Appeals's ("BIA") decision, affirming the Immigration Judge's ("IJ") order finding her removable and denying her application for asylum, withholding of removal, and CAT relief.[1]

Where, as here, the BIA expressly adopts the IJ's decision, we review the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the IJ's factual determinations under the substantial evidence test and will affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1256 (11th Cir. 2007) (quotation omitted). We review the IJ's legal determinations de novo. Id.

An alien who arrives in or is present in the United States may apply for asylum, see INA § 208(a)(1), 8 U.S.C. § 1158(a)(1), and the U.S. Attorney General or the Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of "refugee," see INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality
> . . . , and is unable or unwilling to avail himself or herself of the
> protection of that country because of persecution or a well-founded
> fear of persecution on account of race, religion, nationality,
> membership in a particular social group, or political opinion.

---

[1] Because Mantilla-Ordonez does not raise any challenge in her brief to the denial of withholding of removal or CAT relief, she has abandoned those issues. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n. 2 (11th Cir. 2005).

2

INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A).

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. Not all "exceptional treatment" constitutes persecution, which is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation . . . ." Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290 (11th Cir. 2006) (internal quotations and citations omitted). A finding of past persecution creates the presumption of a well-founded fear of persecution and shifts the burden to the government to demonstrate that either conditions have changed in the alien's home country, or the alien could avoid such persecution by relocating in the home country and that relocation is reasonable. 8 C.F.R. § 208.13(b)(1). To rebut such a showing, an applicant must show that she faces a threat of future persecution country-wide. Arboleda, 434 F.3d at 1223.

To establish a "well-founded fear" of future persecution, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. Evidence that a petitioner has relatives living unharmed in the home country diminishes a well-founded fear claim. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258-59 (11th Cir. 2006).

3

The evidence in this case consisted of a single 15-minute instance, wherein petitioner was held in a car against her will by FARC members with guns and told to stop her political activities. Petitioner did not report the incident to the police. Thereafter petitioner's parents received a letter indicating that petitioner should leave the city for five years. However, petitioner's similarly-situated relatives continue to live unharmed in the city. We find no error in the IJ's determination that petitioner did not suffer past persecution nor had established a reasonable fear of future persecution.

**PETITION DENIED.**